**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 18th day of February, 2014.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:

**EXPERT SOUTH TULSA, LLC,**                           **Case No. 10-20982**
                          **Debtor.**                           **Chapter 11**

_____

**LTF REAL ESTATE COMPANY, INC.,**
                          **Plaintiff,**

         **v.**                                              **Adv. No. 11-06011**

**EXPERT SOUTH TULSA, LLC,**
                          **Debtor/Defendant.**

_____

### MEMORANDUM OPINION AND ORDER
### DISMISSING WITHOUT PREJUDICE DEFENDANT'S COUNTERCLAIMS AND
### ABSTAINING FROM DETERMINING THE OWNERSHIP OF THE ESCROW FUNDS

The matter before the Court is Plaintiff LTF Real Estate Company, Inc.'s (LTF) Motion

to Dismiss[1] the Amended Counterclaim filed by Defendant Expert South Tulsa, LLC (EST or

_____

[1] Doc. 73.

14.02.18 Order Granting Motion to Dismiss.wpd

Debtor) in its Amended Answer[2] and for a final determination with regard to First American

Title Insurance Company (First American).  This Court has jurisdiction over the Debtor and LTF

under 28 U.S.C. §§ 157 and 1334.[3]  For the reasons set forth below, the Motion to Dismiss is

granted.  The Court abstains from deciding the ownership of the Escrow Fund; consequently

First American is dismissed as a party.   LTF's Motion for Summary Judgment Dismissing

Debtor's Amended Counterclaim,[4] Debtor/Defendant's Motion for Summary Judgment - Counts

II and III,[5] Debtor/Defendant's Motion to Stay Scheduling Order Deadlines,[6] and

Debtor/Defendant's Motion to Suspend Proceedings on LTF's Motion for Summary Judgment[7]

will also be denied as moot by separate order.

## BACKGROUND

LTF filed this adversary on January 10, 2011.[8]  The underlying dispute stems from the

sale of a real estate development known as Memorial Commons located in Tulsa, Oklahoma.  In

2008, LTF purchased 11 acres of Memorial Commons ("Property")  for the purpose of building

and operating a health club.  The attendant Purchase Agreement required Debtor to construct

certain improvements after the sale.  To facilitate the construction, LTF and Debtor entered into

---

[2] Doc. 42 (Amended Answer of Debtor Expert South Tulsa, LLC).

[3] The Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2005) [hereinafter the Code].  Any reference herein to a section of law, without more, is to a section of the Bankruptcy Code.

[4] Doc. 79.

[5] Doc. 54.

[6] Doc. 77.

[7] Doc. 88.

[8] Complaint, Doc. 1.

14.02.18 Order Granting Motion to Dismiss.wpd

an Escrow and Post-Closing Construction Agreement ("Escrow Agreement").  Pursuant to the

Escrow Agreement, Debtor placed $1,226,400 of the $3,000,000 purchase price into escrow

("Escrow Fund") with First American.[9]  These funds equaled 120 percent of LTF's and Debtor's

engineers' reasonable estimate of the cost of the work and was set aside to pay for the

construction.  Under the terms of the Escrow Agreement, Debtor was entitled to the return of the

Escrow Fund at certain stages of completion of the improvements.  In the event Debtor failed to

complete the improvements, LTF had the option to complete the improvements and obtain

reimbursement from the Escrow Fund.  The Escrow Agreement is somewhat unusual because the

performing party (Debtor) received all of the purchase price before the escrow was created, and

the Debtor then forwarded $1,226,000 of the purchase price to First American as the Escrow

Fund.

Before April 2009, Debtor contracted with Key Construction Oklahoma, LLC to perform

the construction pursuant to the Purchase Agreement.  On March 30, 2010, Team Viva, LLC,

another creditor in the main bankruptcy case, filed an involuntary petition against Debtor under

Chapter 7 of the United States Bankruptcy Code.  After filing, Debtor converted this case to a

Chapter 11.  To this Court's knowledge, Debtor never completed the improvements and no

money has been disbursed from the Escrow Fund.  LTF filed the instant Complaint on

January 10, 2011, to determine the rights of the parties to the Escrow Fund and to direct First

American to comply with this Court's decision.

On March 11, 2011, Debtor filed its Answer[10] which asserted a counterclaim against LTF

---

[9] Doc. 1, at 3-4.

[10] Doc. 14.

and a cross-claim against First American.  The Answer asserted that the Escrow Fund belonged to the Debtor and was property of the bankruptcy estate.

On August 29, 2011, this Court issued its Memorandum Opinion and Order Granting Plaintiff's Motion for Summary Judgment, In Part.  In the decision, the Court held: (a) the Debtor only has a contingent interest in the Escrow Agreement; (b) the Escrow Fund is not property of the estate; (c) neither the Debtor nor LTF are entitled to an immediate disbursement of the Escrow Fund; and, finally, (d) LTF has the right to exercise the remedy of self-help under the terms of the Escrow Agreement.[11]  The decision did not determine either the claims against First American or Debtor's counterclaim against LTF.

On September 15, 2011, Debtor filed its Amended Answer and Amended Counterclaim in which it asserted two additional claims against LTF under §§ 544(b) and 548.[12]  Of the three counts raised in the Amended Counterclaim, Count I reiterates Debtor's argument that the Escrow Fund belongs to the estate because the Escrow Fund came from the Debtor and the "purposes of the agreement between the parties have not been implemented and will no longer be implemented."[13]  Count II asserts that the sale of the Property was fraudulent under § 548 because the Debtor allegedly did not receive reasonably equivalent value for the Property.  Count III alleges that the sale was fraudulent under § 544(b) and Oklahoma law.

Debtor filed its Motion for Summary Judgment[14] on Counts II and III on December 15,

---

[11] Doc. 36, at 8.

[12] Doc. 42.

[13] *Id.* at 5.

[14] Doc. 54.

- 4 -

14.02.18 Order Granting Motion to Dismiss.wpd

2011, and LTF filed its Objection[15] on January 5, 2012. On January 27, 2012, this Court issued

its Order Denying Defendant's Motion for Summary Judgment[16] because the Amended Answer

and Amended Counterclaim were untimely filed. On February 28, 2012, Debtor appealed. On

May 29, 2012, the Bankruptcy Appellate Panel of the Tenth Circuit denied the appeal as

interlocutory and directed the parties to seek a final order from this Court on the issues.[17] The

Bankruptcy Appellate Panel also noted that the Amended Counterclaim should have been

allowed since it was filed within the time provided for by this Court.[18] After the Bankruptcy

Appellate Panel's decision, LTF filed this instant Motion to Dismiss[19] and requested a final order

incorporating this Court's previous determinations.

## DISCUSSION

The Bankruptcy Appellate Panel held that the previous orders of this Court are

interlocutory.[20] As a result, the issues remain unresolved until this Court issues a final judgment

explicitly adjudicating all the claims or the Court invokes Fed. R. Civ. P. 54(b).[21] The issues not

previously resolved are Debtor's Amended Counterclaim and the claims against First American.

To the extent any other issues are not discussed in this Order, this Court's findings and

---

[15] Doc. 55.

[16] Doc. 57.

[17] *LTF Real Estate Co., Inc. v. Expert South Tulsa, LLC*, No. 12-12, slip op. (B.A.P. 10th Cir. May 29, 2012).

[18] *Id.* at 4 n.4.

[19] Doc. 73.

[20] *LTF Real Estate Co.*, *supra* note 17, at 6.

[21] *See LTF Real Estate Co.*, *supra* note 17, at 6.

- 5 -

14.02.18 Order Granting Motion to Dismiss.wpd

conclusions of law from the August, 29, 2011, Order are incorporated herein.

## I.      Debtor's Counterclaims.

### A.      Count I

In Count I of the Amended Counterclaim Debtor asserts that the Escrow Fund is property

of the bankruptcy estate and LTF holds no right, title, or interest in the Escrow Fund.[22]  Debtor

claims the Escrow Fund belongs to the estate because it originated with the Debtor and the

parties are no longer working to perform under the contract.  Debtor asserts that "Plaintiff failed

to take any action available to it to implement the purposes of the parties' agreement for

utilization of the subject funds" and is therefore "estopped from asserting any interest in the

funds."[23]

LTF moves to dismiss this claim based on the "law-of-the-case" doctrine under Fed. R.

Bankr. P. 7012(b),[24] which incorporates Fed. R. Civ. P. 12(b)(6).[25]  The law-of-the-case doctrine

provides that "a court should not reopen issues decided in earlier stages of the same litigation."[26]

The doctrine is only a rule of practice in the courts and not a limit to their power.[27] LTF in its

Motion to Dismiss argues that this Court's prior determination is "binding precedent" and only

"three exceptionally narrow" grounds may justify the reversal of a decision on an issue of law

---

[22] Doc. 42, at 6.

[23] *Id.* at 5 ¶ 5.

[24] Any reference herein to a Rule, without more, is to the Federal Rules of Bankruptcy Procedure.

[25] Doc. 73, at 8-9.

[26] *Agostini v. Felton*, 521 U.S. 203, 236 (1997) (citing *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)).

[27] *See Messenger*, 225 U.S. at 444.

14.02.18 Order Granting Motion to Dismiss.wpd

made in an earlier stage in the same litigation.[28]  This assertion by LTF would be correct if the prior determination were made by an appellate court and the issue were on remand back to the lower court, but when a court is reconsidering its own interlocutory orders, it is generally free to do so without being bound by its prior decision.[29]  The Court's previous Order was interlocutory and the Bankruptcy Appellate Panel made no determinations on the issue that are binding on this Court.  As a result, the previous Summary Judgment Order[30] was not final or binding and Debtor was entitled to reassert its counterclaim.

Turning now to the actual counterclaim, Debtor hopes that by reasserting its initial argument after the Court entered the Summary Judgment Order, the Court will reach a different conclusion.  However, Debtor has not asserted new arguments for this Court to consider. Although the Court is not bound by its prior determination, the Court remains unpersuaded by Debtor's argument and sees no reason to change its prior ruling.

Estate property is confined to the rights conferred upon the debtor by an escrow agreement and does not include property rights in the assets escrowed.[31]  Any contingency, claim, or chose in action is property of the estate, but the escrow fund itself is not.[32]  Debtor has a contingent interest in the Escrow Fund, but the Escrow Fund itself is not property of the estate.

---

[28] Doc. 73, at 9-10.

[29] *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." (citing *Harlow v. Children's Hosp.*, 432 F.3d 50, 55 (1st Cir. 2005))).

[30] Doc. 37.

[31] 5 COLLIER ON BANKRUPTCY ¶ 541.09[2], at 541-51 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).

[32] *In re Palm Beach Heights Dev. & Sales Corp.*, 52 B.R. 181, 183 (Bankr. S.D. Fla. 1985).

14.02.18 Order Granting Motion to Dismiss.wpd

In its prior order this Court considered and ruled upon the Debtors' interest in the Escrow Funds.[33]

There is also a question as to whether the Court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334(a), district courts of the United States have "original and exclusive jurisdiction of all cases under title 11." The district courts have statutory authority to refer any proceedings that arise under Title 11, those that arise in a Title 11 case, and those that are related to a case under Title 11 to the bankruptcy judges of their district.[34] Bankruptcy judges have authority to hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11."[35] Core proceedings are proceedings which do not exist outside of bankruptcy.[36] Non-core proceedings, on the other hand, are proceedings that do not depend on the bankruptcy laws for their existence and could proceed in another court.[37]

Even though a proceeding has been determined to be "non-core," the bankruptcy court may have jurisdiction. Bankruptcy courts retain jurisdiction over non-core proceedings that are "related to a case under title 11."[38] Here, the estate maintains an interest in the Escrow Fund, albeit only a contingent remainder. Because the dispute does not depend on the bankruptcy laws for its existence, and because the Escrow Fund is not property of the estate, the dispute is a non-

---

[33] Doc. 37, at 4-8. This Order is incorporated by reference.

[34] *See Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011) (citing 28 U.S.C. § 157(a)).

[35] *See Stern*, 131 S. Ct. at 2603 (quoting 28 U.S.C. § 157(b)(1)).

[36] *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) (citing *In re Alexander*, 49 B.R. 733, 736 (Bankr. D.N.D. 1985)).

[37] *Gardner,* 913 F.2d at 1518 (citing *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987)).

[38] *Stern*, 131 S. Ct at 2604.

14.02.18 Order Granting Motion to Dismiss.wpd

core matter.[39]  Since the Escrow Fund is not part of the estate, this issue does not fall within this

Court's jurisdiction under the "related to" jurisdiction provided in 28 U.S.C. § 1334.[40]

Regardless, even if this Court had jurisdiction, or for that matter Constitutional authority,[41] the

Court would abstain from hearing the matter pursuant to 28 U.S.C. § 1334(c)(1).[42]  In the interest

of fairness, judicial comity, and the fact that this issue is almost wholly a state law action, the

Court abstains from determining the ownership of the Escrow Fund and directs the parties to

seek a resolution of this issue in a state court of competent jurisdiction.  For these reasons and

those set out in the August 2011 Order, Count I of the Amended Counterclaim is dismissed

without prejudice.[43]

### B.      Count II

In Count II of the Amended Counterclaim, Debtor claims that the sale of the Property

constituted a fraudulent transfer under § 548(a).  Debtor argues that the purchase price did not

constitute reasonably equivalent value and therefore Debtor is entitled to recover either the

Property *res* or the full value of the Property under § 550(a).  LTF moves to dismiss this claim

---

[39] *See* 28 U.S.C. § 157.

[40] In the Tenth Circuit, a proceeding is related to the bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." *Gardner*, 913 F.2d at 1518 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

[41] 1 COLLIER ON BANKRUPTCY ¶ 3.01[3][e][iii], at 3-20 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).

[42]  28 U.S.C. 1334(c)(1) states:
        Except with respect to a case under chapter 15 of title 11, nothing in this section prevents
a district court in the interest of justice, or in the interest of comity with State courts or respect for
State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in
or related to a case under title 11.

[43] The Court's full analysis can be found in Doc. 37, at 4-8.

14.02.18 Order Granting Motion to Dismiss.wpd

under Rule 7012(b) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Under Rule 7008 and Fed. R. Civ. P. 8(a)(2), "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  In considering a motion to dismiss, the Court accepts all well-pleaded factual allegations, as opposed to conclusory legal allegations, as true and construes them in the light most favorable to the plaintiff.[44]  A claim for relief does not require detailed factual allegations, but it does require something more than "'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action . . . .'"[45] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations to state a plausible claim to relief.[46]  A claim is plausible when the plaintiff pleads sufficient facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct.[47]  Still, the complaint need not contain detailed factual allegations; the allegations must be enough to raise a right to relief above the speculative level.[48]  The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.[49]

---

[44] *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991).

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[46] *Iqbal*, 556 U.S. at 678.

[47] *Id.*

[48] *Twombly*, 550 U.S. at 555.

[49] *Near v. Crivello*, 673 F. Supp. 2d 1265, 1276 (D. Kan. 2009) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

14.02.18 Order Granting Motion to Dismiss.wpd

Here, the counterclaim states:

> The sale of the LTF Acreage closed in September, 2008 . . . . *EST submits that the LTF Acreage had a value in excess of $1,000,000 more than the Purchase Price at the time of execution of the Purchase Agreement and thereafter.* At the time of the transfer, EST was insolvent or otherwise became insolvent as a result of the sale and the transfer of the LTF Acreage. At the time of the transfer, EST was essentially illiquid and therefore was engaged in business for which any remaining property constituted unreasonably small capital.[50]

The statement, "EST submits that the LTF Acreage had a value in excess of $1,000,000 more than the Purchase Price at the time of the transfer," is not a fact, but rather the Debtor's opinion. The next two sentences in paragraph 8 only restate the language from the statute and therefore also fail to satisfy the "factual pleading" requirement.

EST asserts in paragraph 9:

> The sale and transfer of the LTF Acreage to Plaintiff (LTF) constituted –
>
> a)    a transfer of an interest of the debtor in property
> b)    made within 2 years before the date of the filing of the petition
> c)    for which EST received less than a reasonably equivalent value in exchange for such transfer and
> > i.    was insolvent on the date that such transfer was made or became insolvent as a result of such transfer;
> > ii.    was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
> > iii.    intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.[51]

Debtor again merely restates the language from the statute without providing the Court

---

[50] Doc. 42, at 6 ¶ 8 (emphasis added).

[51] *Id.* at 6-7, ¶ 9.

14.02.18 Order Granting Motion to Dismiss.wpd

with any facts.  Paragraphs 8 and 9 of Count II include only labels and conclusions and do not meet the requirements for factual pleading required by the Supreme Court in *Twombly* and *Iqbal*. Because these pleadings do not allege sufficient facts to support a plausible claim for relief, the Plaintiff's Motion to Dismiss Count II is granted.

### C.     Count III

Count III incorporates the same facts as Count II and similarly fails to assert anything other than legal conclusions.  EST asserts in paragraph 13:

> The Transfer by EST of the LTF Acreage to Plaintiff [LTF] constituted
>
> the making of a transfer by a debtor—
>
> a)     without receiving a reasonably equivalent value in exchange for the transfer, and the debtor
>
>      i.     was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
>      ii.     intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.[52]

This statement parrots the language of the statute, providing a legal conclusion that is not entitled to the assumption of truth.  Paragraph 14 states: "The transfer of the LTF Acreage to Plaintiff constituted the making of a transfer by a debtor without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time or became insolvent as a result of the transfer."[53]  This paragraph is also insufficient.

Counts II and III of the Counterclaim are desperate attempts by the Debtor to gain access

---

[52] *Id.* at 8 ¶ 13.

[53] *Id.* at 8 ¶ 14.

14.02.18 Order Granting Motion to Dismiss.wpd

to the Escrow Fund without completion of Debtor's duties under the contract. Bare legal

conclusions are listed as facts in the Counterclaim. Without more, this Court has no choice but

to dismiss the Counterclaim for failure to state a claim for which relief can be granted pursuant

to Rule 7012(b) and Fed. R. Civ. P. 12(b)(6).

## II.     First American Title Insurance Company

The final issue left for this Court to determine is what direction to provide First

American. Both parties urge this Court to direct First American to disburse the funds in

accordance with their wishes. Unfortunately, having found that the Escrow Fund is not property

of the estate,[54] the Court cannot now assert jurisdiction over the third party escrow agent to direct

disposition or disbursement of the Escrow Funds.[55]

For these reasons, First American Title Insurance Company is dismissed as a party in this

adversary proceeding.

## CONCLUSION

This decision is intended to serve as a Final Order in this adversary proceeding. The

Escrow Fund is not property of the estate. The Debtor only maintains a contingent remainder

interest in the Escrow Fund. This interest is insufficient for this Court to exercise jurisdiction

over the Escrow Fund or to grant the parties' requested relief regarding the Escrow Fund.

Counts I and II of EST's counterclaims are dismissed pursuant to Rule 7012(b) and Fed. R. Civ.

P. 12(b)(6). This Court lacks jurisdiction over First American and any dispute over the parties'

---

[54] *See supra* Part I.A., at 8.

[55] *See Gardner*, 913 F.2d at 1518 ("[T]he bankruptcy court lacks related jurisdiction to resolve
controversies between third party creditors which do not involve the debtor or his property unless the court cannot
complete administrative duties without resolving the controversy.") (citing *In re Shirley Duke Assocs.*, 611 F.2d 15,
18 (2d Cir. 1979)). Even if the Court did have jurisdiction, the Court would abstain under 28 U.S.C. § 1334(c)(1).

- 13 -

14.02.18 Order Granting Motion to Dismiss.wpd

rights to the Escrow Fund must be heard in a different forum. LTF's Motion to Dismiss[56] is granted. First American is dismissed as a party. The Court will enter separate orders denying as moot LTF's Motion for Summary Judgment Dismissing Debtor's Amended Counterclaim,[57] Debtor/Defendant's Motion for Summary Judgment,[58] Debtor/Defendant's Motion to Stay Scheduling Order Deadlines,[59] and Debtor/Defendant's Motion to Suspend Proceedings on LTF's Motion for Summary Judgment.[60]

IT IS SO ORDERED.

### 

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[56] Doc. 73.

[57] Doc. 79.

[58] Doc. 54.

[59] Doc. 77.

[60] Doc. 88.

14.02.18 Order Granting Motion to Dismiss.wpd